IUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDI LUTES, Personal Representative )
of the Estate of BUDDY F. PHILLIPS, )
)
    Plaintiff, )
) Case No. 2:17-CV-00304 RLM
  v. )
)
UNITED TRAILER INC., )
UNITED TRAILER EXPORTING, INC., )
)
    Defendants. )

## OPINION AND ORDER

On July 3, 2015, Buddy Phillips (now deceased, with Ms. Lutes acting as estate representative) injured his rib while playing with his grandchildren. Mr. Phillips went to Elkhart General Hospital a day after his injury, where an x-ray confirmed that he had suffered a rib fracture. Because of Mr. Phillips's injury, he missed work from July 6-23, 2015. Until July 17, Mr. Phillips reported his absences to United Trailers. After July 17, however, Mr. Phillips didn't report his absences, resulting in his termination under United Trailer's attendance policy. Mr. Phillips now sues United Trailers for interference with his rights under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § *2601 et seq.* and for unlawful retaliation under the FLMA when United Trailers terminated Mr. Phillips' employment. United Trailers moves for summary judgment with respect to all claims. The court heard argument on February 20, and now grants the motion.

## I. BACKGROUND

### A. *General Background*

United Trailers manufactures steel-framed enclosed trailers for personal and commercial cargo, vehicles, and food and craft vending. Mr. Phillips worked for a predecessor company of United Trailers from 1995 until he was excused in 1999 due to poor attendance. He was reinstated but was later deemed to have "resigned" by missing three days consecutive days of work in late summer 1999 without reporting his absences per company policy. In 2003 United Trailers rehired Mr. Phillips as a metal department trimmer, a job that required him to install fenders, lights, and metal trim to the trailers. Mr. Phillips's employment at United Trailers was typical of the average worker there. All United Trailers production employees work a 5:00 a.m. through a 1:00-3:00 p.m. shift, depending on production needs. Mr. Phillips worked as a metal department trimmer up until his employment was terminated in the summer of 2015 for failing to report in his absence over four consecutive days.

### B. *Attendance Policy*

Each United Trailer employee is given a handbook with the company's policies including attendance policies. The policy provides for a mandatory and specific call-in procedure for reporting work absences. The relevant portion of the policy states: Employees must call an official hotline no later than 15 minutes before the start of their 5:00 a.m. shift and that "**THIS IS THE ONLY ACCEPTABLE**

**MEANS OF CALLING IN**." (bold and capitalized in original). The policy also states that calling a supervisor or co-worker is unacceptable and that employees must leave a voice-mail message on the hotline – calling the hotline without leaving a message isn't adequate notice of absence.

United Trailers operates on an absence point system – an employee who accrues 13 or more points is terminated. Employees get three points for an unexcused absence as long as they call into the hotline and five points if they don't call in. Ten accrued points results in a reduction in pay. Employment is also terminated if the employee doesn't call in for three consecutive days.

United Trailers has several exceptions to this policy. Holidays and vacations don't count toward point accrual. The company acknowledges specific personal, bereavement, jury, and military absences. United Trailers recognizes both FMLA leave and leave directed by a doctor through doctor notes. During his time at United Trailers, Mr. Phillips made consistent use of the company's doctor note policy. All of these policies are in the handbook provided to Mr. Phillips, who signed acknowledgments on three separate occasions during his tenure at United Trailers that he had received and read the policies. Mr. Phillip's wife acknowledged in her deposition that she knew about the call-in and doctor note policies.

*C. Rib Injury*

On July 3, 2015 Mr. Phillips injured his ribs while playing with his grandchildren. On July 4 Mr. Phillips went to Elkhart General Hospital where an

x-ray revealed that he had suffered a rib fracture. The physician's release after Mr. Phillip's visit to the hospital said he could engage in "activity as tolerated" but didn't explicitly restrict him from work. The hospital also instructed Mr. Phillips to follow up with his primary care physician three to five days after he had visited the hospital. On July 16, Mr. Phillips followed up with his primary care physician, Dr. Borelli, who wrote a brief note excusing Mr. Phillips from work throughout the month.

Mr. Phillips or his wife called the United Trailers hotline on July 6, 7, 8, 14, 16, and 17, 2015 to report his absence. No further calls were placed to the hotline after July 17 in accordance with the company's absence policy. United Trailer's Director of Human Resources, in consultation with the plant manager Randy Snyder, decided to terminate Mr. Phillip's employment on July 23 because Mr. Phillips had more than 13 absence points under the company policy and because he had missed three or more consecutive days without calling the company's hotline. After United Trailers notified Mr. Phillips of his termination, he returned to work to collect his belongings.

On June 30, 2017 Mr. Phillips filed a complaint against United Trailers alleging FLMA interference and retaliation relating to his work absence and dismissal in the summer of 2015.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material

fact." Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-92 (7th Cir. 2011). When no genuine issue of material fact exists, "the movant is entitled to judgment as a matter of law." Dunkin v. Appriss, Inc., 266 F. Supp. 3d 1103, 1106 (N.D. Ind. July 18, 2017). The movant has the burden of demonstrating to the court the basis for its motion that there exists no genuine issue of material fact. Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986). In demonstrating this burden, the evidence must be viewed in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). When the movant has met its burden, the opposing party cannot rely solely on the allegations in their pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N.A., 662 F.3d 963, 966 (7th Cir. 2011); see also Steen v. Myers, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party cannot rely on conclusory allegations. Smith v. Shawnee Library System, 60 F.3d 317, 320 (7th Cir. 1995). Instead, the non-moving party must affirmatively demonstrate with "*specific facts*" that a genuine issue exists that require trial. Gabrielle M. v. Park Forest-Chicago Heights, Ill. Sch. Dist. 163, 315 F.3d 817, 822 (7th Cir. 2003) (emphasis in original). Failure to prove an essential element of the alleged activity will render other facts immaterial. Celotex, 477 U.S. at 323; Filippo v. Lee

5

Publications, Inc., 485 F.Supp.2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; he must come forward with specific facts showing a genuine issue for trial.").

## III. DISCUSSION

Mr. Phillips argues that United Trailers interfered with his rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § *2601 et seq.* and that he was subjected to unlawful retaliation under the FLMA when United Trailers terminated his employment.

### FMLA Interference

*A. Serious Medical Condition*

The Family and Medical Leave Act requires employers to allow qualifying employees up to twelve workweeks per year of leave for a serious medical condition that impairs the employee's work functions. Darst v. Interstate Brands Corp., 512 F.3d 903, 908 (7th Cir. 2008). Employers cannot interfere with an employee's right in seeking this leave. 29 U.S.C. § 2615(a)(1); James v. Hyatt Regency Chi., 707 F.3d 775, 780 (7th Cir. 2003). For Mr. Phillips's FMLA interference claim to be successful, he must provide adequate evidence to show that "(1) [he] was eligible for FMLA protection; (2) [his] employer was covered by the FMLA; (3) he was entitled to leave under the FMLA; (4) [he] provided sufficient

6

notice of [his] intent to take FMLA leave; and (5) [his] employer denied [him] the right to FMLA benefits." Nicholson v. Pulte Homes, Corp., 690 F.3d 819, 825 (7th Cir. 2012).

For Mr. Phillips to be eligible for FMLA protection, he must establish that he had "a serious medical condition" warranting leave. 29 U.S.C. § 2612(a)(1)(D); Kauffman v. Fed. Express Corp., 426 F.3d 880, 884 (7th Cir. 2005). A "serious medical condition" is defined as an "illness, injury, impairment, or physical or mental condition" involving "inpatient care" or "continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Inpatient care typically involves an overnight hospital stay and "incapacity, or any subsequent treatment in connection with such inpatient care." 29 C.F.R. §824.114. Continuing treatment includes periods of incapacitation for more than three consecutive calendar days, two or more treatments by health care providers within 30 days of the first incapacity, or at least one visit to a health care provider for continued treatment. 29 C.F.R. §25.115. To qualify as incapacitated, Mr. Phillips must have been "unable to work, attend school or perform other regular daily activities." 29 C.F.R. §25.113(b).

Mr. Phillips has the burden of showing that he suffered a serious medical condition (i.e. that he was incapacitated). Stevenson v. Hyre Elec. Co., 505 F.3d 720, 728 (7th Cir. 2007) (finding that the burden is by a preponderance of the evidence); Casket v. Colgate-Palmolive Co., 535 F.3d 585, 593-594 (7th Cir. 2008). The summary judgment record provided by Mr. Phillips is thin as to this point. We know that Mr. Phillips went the hospital the day after his injury where

an x-ray revealed that he had a broken rib. During this visit it was also revealed that he had a heart problem, although the record doesn't contain detailed information about this. When Mr. Phillips received medical treatment at the hospital on July 4, the attending physician told him to follow up with a primary care doctor and that, in the meantime, he could engage in "activities as tolerated." Mr. Phillips alleges that his primary care physician, Dr. Borelli, told him on July 16 to abstain from work for the rest of the month. Such recommendation was memorialized in a note written by Dr. Borelli, although United Trailers says it never received this note. Both Mr. Phillips's wife and daughter testified further in their depositions that Mr. Phillips had an impaired ability to walk and raise his arms. The proof is sparse, but Mr. Phillips has provided enough evidence that a reasonable juror could find that Mr. Phillips had a serious medical condition in the days following the fracture of his rib. Price v. City of Fort Wayne, 117 F.3d 1022, 1025 (7th Cir. 1997) (holding that a doctor ordering plaintiff to forgo work for an extended period for a condition that could affect work ability raised a question of material fact as to the seriousness of plaintiff's medical condition); Burnett v. LFW Inc., 472 F.3d 471, 477-478 (7th Cir. 2006).

*B. Notice*

For Mr. Phillips to succeed on his interference claim, he must have given United Trailers proper notice that his injury would qualify under the FMLA.

Aubuchon v. Knauf Fiberglass, GMBH, 359 F.3d 950, 953 (7th Cir. 2004) ("[T]he employee's duty is merely to place the employer on notice of a probable basis for FMLA leave."). Nicholson v. Pulte Homes, Corp., 690 F.3d 819, 825. For notice to be proper, Mr. Phillips needn't have expressly claimed that he was taking leave under the FMLA but needed to provide enough information that his injury could qualify for FMLA leave. 29 C.F.R. § 825,303(b); Phillips v. Quebecor World RAI, Inc., 450 F.3d 308, 311 (7th Cir. 2006); Stoops v. One Call Commc'ns., 141 F.3d 309, 312 (7th Cir. 1998) ("the employee can be completely ignorant of the benefits conferred by the [FMLA]."). The record supporting proper notice is sparse – a primary question exists as to whether Mr. Phillips provided enough information for United Trailers to know whether FMLA leave was applicable.

"[A]dequacy of notice is a fact-rich question, [and] it is perhaps best resolved by the trier of fact, particularly, where, as is the case here, the employer and employee dispute the quantity and nature of communications regarding the employee's illness." Burnett v. LFW Inc., 472 F.3d 471, 489 at n.4 (7th Cir. 2006). Mr. Phillips's wife called the United Trailer hotline on July 6 stating that Mr. Phillips had suffered a rib injury and heart condition. Asking for leave, by itself, isn't enough to fulfil the FMLA notice requirement. Aubuchon v. Knauf Fiberglass, GMBH, 359 F.3d at 952 ("The requirement of notice is not satisfied by the employee's merely demanding leave."). Non-descript and downplayed characterizations of injuries aren't enough. Aubuchon v. Knauf Fiberglass, GMBH, 359 F.3d at 952 ("If you have brain cancer but just tell your employer that you have a headache, you have not given notice that the [FMLA] requires.");

Phillips v. Quebecor World RAI, Inc., 450 F.3d at 312; de la Rama v. Illinois Dept. of Human Services, 541 F.3d 681, 687 (7th Cir. 2008) ("[t]he FMLA dos not require employers to play Sherlock Holmes, scanning […] for clues to the undisclosed, true reason for an employee's absence."). The parties dispute the precise contents of this conversation, but viewing the conversation in a light most favorable to the plaintiff, adequate notice might have been tendered. As it stands in the record, Mr. Phillips or his wife did more than merely demand time off from work, they provided a reason for his absence. The extent of information provided to United Trailers isn't clear. Given that there is a material question of fact about whether adequate notice was given, a jury, not the court, should resolve the question. Burnett v. LFW Inc., 472 F.3d 471, 489 at n.4.

*C. Termination*

Absent unusual circumstances, an employee must comply with the employer's work absence policies, even when the FMLA covers an absence. 29 C.F.R. § 825.302(d); 29 C.F.R. § 825.303(c). Non-compliance with an employer's attendance procedures, and subsequent termination based on a violation of those procedures, forecloses an FMLA claim. Lewis v. Holsum of Fort Wayne, Inc., 278 F.3d 706 (7th Cir. 2002) (employee's termination for failure to comply with attendance policies did not violate the FMLA); Gilliam v. United Parcel Serv., Inc., 233 F.3d 969 (7th Cir. 2002) (no violation of FMLA where employee did not give proper notice under collective bargaining agreement); Brown v. Auto.

Components Holdings, LLC, 622 F.3d 685 (7th Cir. 2010) (termination for failure to comply to with notice provisions of collective bargaining agreement did not violate the FMLA).

The United Trailer's attendance policy is explicit in its requirement that employees call its hotline at least 15 minutes before their shift. Calling this hotline is the only appropriate way to call out of work. Mr. Phillips didn't call the hotline at the proper time on July 20, 21, 22, or 23. Three consecutive failures to appropriately call-out an absence violates the policy and subjects an employee to termination. "[I]t bears repeating that the regulations explicitly provide that employers may require their employees to comply with their 'usual and customary notice and procedural requirements' when requesting FMLA leave." Righi v. SMC Corp. of Am., 632 F.3d 404, 411 (7th Cir. 2011); Darst v. Interstate Brands Corp., 512 F.3d 903 (7th Cir. 2008) (employer did not violate the FMLA when it terminated employee for violation of the company's absenteeism policy.) "[A]n employee's failure to comply with his employer's internal leave policies and procedures is a sufficient ground for termination and forecloses an FMLA claim." Righi v. SMC Corp. of Am., 632 F.3d at 411. United Trailers therefore didn't interfere with Mr. Phillip's FMLA rights when it enforced its attendance policies and terminated his employment.

In summary, though certain aspects of Mr. Phillips' claim of FMLA interference would be best left for the trier of fact to decide, he ultimately can't succeed on his claim as a matter of law. There are triable questions as to whether Mr. Phillips' injury qualifies as a "serious medical condition," Price v. City of Fort

Wayne, 117 F.3d at 1025, and whether Mr. Phillips provided adequate notice of his injury to United Trailers. Burnett v. LFW Inc., 472 F.3d 471,489 at n.4. But Mr. Phillips can't point to sufficient facts or evidence to establish a *prima facie* case of interference because of his failure to abide by United Trailers' absentee policy. Righi v. SMC Corp. of Am., 632 F.3d at 411. That failure to follow company policy precludes a successful interference claim. Darst v. Interstate Brands Corp., 512 F.3d 903.

## Retaliation

An employer is prohibited from retaliating against an employee who has exercised their FMLA rights. 29 U.S.C. § 2615(a)(2). For Mr. Phillips to succeed on his retaliation claim, he must prove "discriminatory or retaliatory intent." Nicholson v. Pulte Homes, Corp., 690 F.3d at 825 and 828. To show this, Mr. Phillips must prove that 1) he engaged in protected activity; 2) his employer took an adverse action against him; and 3) there is a causal connection between the protected activity and the adverse employment action. Cracco v. Vitran Express, Inc., 559 F.3d 625, 633 (7th Cir. 2009) (citing Andonissamy v. Hewlett-Packard Co., 547 F.3d 841, 850 (7th Cir. 2008). The best way to show a causal connection is either to offer direct evidence such as an admission of retaliation or to put forth a "convincing mosaic" of circumstantial evidence. Perez v. Thorntons, Inc., 731 F.3d 699, 711 (7th Cir. 2013). A convincing mosaic can include "(1) suspicious timing, ambiguous statements oral or written, and other bits and pieces from which a retaliatory intent might be drawn, (2) evidence, but not

necessarily rigorous statistical evidence, that similarly situated employees were treated differently, or (3) evidence that the employer offered a pretextual reason for an adverse employment action." Perez v. Thorntons, Inc., 731 F.3d at 771.

The record doesn't support the assertion that Mr. Phillips or his wife expressly asked for FMLA leave. Indeed, there is a question whether Mr. Phillips or his wife even put United Trailers on adequate notice that Mr. Phillips qualified for such leave. Nicholson v. Pulte Homes, Corp., 690 F.3d at 828 (employee did not engage in protected activity when notice was insufficient under the FMLA). Simply being eligible for FMLA leave doesn't mean one engages in protected activity. Larson v. Motor Werks of Barrington, Inc., 2018 U.S. Dist. LEXIS 1338, at *23 (N.D. Ill. January 4, 2018).

Even if the trier of fact found that Mr. Phillips expressly requested leave, Mr. Phillips's wife and daughter both testified in their respective depositions that Mr. Phillips wasn't a victim of retaliation. Such admissions are incongruent with a successful retaliation claim. Bryant v. Fort Wayne Metro. Human Rels. Comm'n, 2007 U.S. Dist. LEXIS 64443, at *43 (N.D. Ind. Aug. 28, 2007) aff'd 284 Fed. Appx. 335 (7th Cir. 2008) (plaintiff's admission that she had no evidence of retaliation could not support her retaliation claim); Graham v. Aurora Police Dep't, 156 F.Supp.2d 880, 888 (N.D. Ill. March 28, 2001) (retaliation claim failed when plaintiff could not provide any evidence that "defendant harbored a retaliatory motive in discharging him."). Such admissions foreclose a valid claim and undercut assertions of discriminatory intent or motive. As the record

stands, there is no evidence that United Trailers retaliated when they terminated Mr. Phillips's employment.

United Trailers terminated Mr. Phillips's employment for failure to adhere to the company's attendance policy. Gilmour v. Abbott Labs, 2005 U.S. Dist. LEXIS 7604, at *23-24 (N.D. Ill. April 11, 2005 (no retaliation when employee violated company attendance policy). Mr. Phillips's assertion that his termination was to avoid additional accrual of vacation days is almost entirely unsupported in the record. Burks v. Wis. DOT, 464 F.3d 744, 758-759 (7th Cir. 2006) ("[S]uspicious timing alone […] does not support a reasonable inference of retaliation."). Nor has Mr. Phillips shown any pretext to United Trailers' termination of his employment.

Mr. Phillips hasn't pointed to sufficient evidence or facts to establish a *prima facie* case of unlawful retaliation by United Trailers in contravention of the FMLA. Mr. Phillips hasn't shown "proof of discriminatory or retaliatory intent." Nicholson v. Pulte Homes, Corp., 690 F.3d at 825, 828. Mr. Phillips can't show that he engaged in protected activity because he didn't provide notice nor request FMLA leave. Nicholson v. Pulte Homes, Corp., 690 F.3d at 828. The only permissible inference from the summary judgment record is that United Trailers terminated Mr. Phillips because he did not comply with United Trailers' attendance policy. Lewis v. Holsum of Fort Wayne, Inc., 278 F.3d 706.

CONCLUSION

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment [Doc. No. 33]. The Clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED:  <u>March 20, 2019</u>

<u>　/s/ Robert L. Miller, Jr.　</u>
Judge, United States District Court